**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 2, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SAMUEL R. RUSHIN,

Defendant-Appellant.

No. 06-3090

(D. Kansas)

(D.C. No. 04-CR-10207-02)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.[**]

A jury convicted Samuel Rushin of six counts of interference with

commerce by robbery (violations of 18 U.S.C. § 1951), one count of brandishing

a firearm during a robbery (a violation of 18 U.S.C. § 924(c)), one count of being

a felon in possession of a firearm (a violation of 18 U.S.C. § 922 (g)(1)), and five

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

[**]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See FED. R. APP. P. 34(f); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

counts of carrying a firearm during a crime of violence (violations of 18 U.S.C. § 924(c)). The district court sentenced him to 139 years' imprisonment and three years' supervised release and ordered him to pay $1,770 in restitution.

Mr. Rushin's convictions arise out of six convenience store robberies in Wichita, Kansas between August 19 and August 24, 2004. At trial, Mr. Rushin proffered an instruction regarding eyewitness testimony. The district court declined to give the proffered instruction, and Mr. Rushin now contends that the district court erred. We disagree and therefore affirm Mr. Rushin's convictions.

## I. BACKGROUND

At trial, the prosecution presented evidence regarding six robberies of QuikTrip convenience stores in Wichita, Kansas: one on August 19, 2004, four on August 20, 2004, and one on August 24, 2004. As to each of these robberies, at least one store clerk testified at trial and identified Mr. Rushin as the robber. For two of the robberies, a second clerk also identified Mr. Rushin. The jury viewed videotapes of each robbery.

On August 24, 2004, a customer who was in the QuikTrip store at 6011 West Central in Wichita observed the robbery, followed a yellow car leaving the store,, and called 911. Police officers eventually found the car abandoned in a private driveway. Inside the car, in plain view, the officers observed a firearm, a

blue ball cap, and a black du-rag. In four of the QuikTrip robberies, the witnesses had stated that the robber was wearing a blue hat.

The officers began to search the area, and the codefendant William Jackson surrendered in the middle of a nearby street. They found Mr. Rushin hiding under a table in a garage in the same neighborhood and arrested him. Underneath the bushes outside another residence in the neighborhood, the officers found a large amount of money wadded up inside an old charcoal grill. The owner of the residence reported that the money did not belong to him.

The officers then conducted a thorough search of the yellow car. In addition to the handgun and the blue cap, they found a package of Kool cigarettes with a tax stamp that came from QuikTrip, a wallet belonging to Mr. Jackson, and a CD case with documents that included a municipal court receipt for Mr. Rushin. They also discovered four fingerprints matching Mr. Rushin and one matching Mr. Jackson. The car was registered to Mr. Rushin's wife.

At trial, Mr. Rushin requested the following instruction on eyewitness testimony:

> The value of identification testimony depends on the opportunity the witness had to observe the offender at the time of the offense and to make a reliable identification later.
>
> In evaluating such testimony you should consider all of the factors mentioned in these instructions concerning your assessment of the credibility of any witness, and you should also consider, in particular, whether the witness had an adequate opportunity to observe the person in question at the time of the offense. You may consider, in that regard,

such matters as the length of time the witness had to observe the person in question, the prevailing conditions at the time in terms of visibility or distance and the like, and whether the person had known or observed the person at earlier times.

You should also observe whether the identification made by the witness after the offense was the product of his or her own recollection. You may consider, in that regard, the circumstances under which the identification was made, and the length of time that elapsed between the occurrence of the crime and the next opportunity the witness had to see the defendant.

If the identification by the witness may have been influenced by the circumstances under which the defendant was presented to the witness for identification, you should scrutinize the identification with great care.

The Government has the burden of proving identity beyond a reasonable doubt. You, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may find him guilty. If you are not convinced beyond a reasonable doubt that the defendant was the person who committed the crime, you must find the defendant not guilty.

Rec. doc. 43.

The district court declined to give the proffered instruction. However, the court did give the following instruction regarding the assessment of witnesses' testimony:

While you must consider all of the evidence, you need not accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. In weighing the testimony of a witness, you should consider the witness's 1) relationship to the other party or parties; 2) interest, if any, in the outcome of the case; 3) manner of testifying; 4) opportunity to observe or acquire knowledge concerning the facts about which he or she

-4-

testified; and 5) candor, fairness, and intelligence.  You should also consider the extent to which other credible evidence supports or contradicts the witness. In short, you may accept or reject in whole or in part the testimony of any witness.

Also, the weight of the evidence is not necessarily determined by how many witnesses testify as to the existence or nonexistence of any fact. You may find fewer witness's testimony about any fact more credible than of more witnesses to the contrary.

Rec. doc. 46 (instr. no. 6).


## II. DISCUSSION

Mr. Rushin now argues that the district court erred in refusing to give his proffered instruction about eyewitness testimony.  We review a district court's decision as to a particular instruction for an abuse of discretion.  United States v. Serrata, 425 F.3d 886, 898 (10th Cir. 2005).  However, we must also examine de novo the instructions as a whole, considering whether they accurately conveyed the governing law to the jury.  United States v. Schuler, 458 F.3d 1148, 1155 (10th Cir. 2006).  "Reversal of a conviction is warranted only where the failure to give an instruction is prejudicial in view of the entire record."  Id. at 1156.

In challenging the district court's refusal to give the proffered instruction, Mr. Rushin focuses on the evidence supporting the August 19th robbery and the August 20th robbery of the QuikTrip Store on 3216 E. Harry.  As to each of these robberies, he asserts, there was only one eyewitness.  Additionally, he contends, the eyewitness testimony was not reliable.  In particular, the clerk who witnessed

the August 19th robbery testified that he was very frightened, and he described a gun that did not match the gun that was introduced at trial. As to the August 20th robbery on Harry Street, Mr. Rushin asserts that before the store clerk identified Mr. Rushin, he saw a news report of the robbery that included Mr. Rushin's mug shot. According to Mr. Rushin, these limitations in the eyewitnesses' testimony warranted the instruction that he submitted.

"This circuit has rejected a rigid rule in favor of giving a special eyewitness instruction in every case." United States v. McGuire, 200 F.3d 668, 676 (10th Cir. 1999). Thus, when a cautionary instruction is submitted but not given, "we will focus on the facts of each case to determine whether the instruction was required to fairly present the case to the jury." United States v. Thoma, 713 F.2d 604, 608 (10th Cir. 1983). We consider "whether identification was the sole or primary issue in the case, whether the evidence consisted mainly of eyewitness identification testimony, and whether the testimony was uncertain, qualified, or suggested a serious question whether the witness had an adequate opportunity to observe." Id. at 608. The key inquiry is whether "the jury's attention was sufficiently focused on the issue of identification." Id.

Upon consideration of these factors, we conclude that Mr. Rushin's proffered instruction was "[not] required to fairly present the case to the jury." Thoma, 713 F.2d at 607. Even though, as to the two robberies noted by Mr. Rushin, there was only one eyewitness, the government introduced considerable

corroborative evidence, including the items found in the yellow car that were connected to the robberies and the wadded-up money found nearby. Moreover, the prosecution introduced videotapes of the robberies. As the government now observes, "[a]lthough the jury may not have been able to see the robber's face in the videos, the videos showed the robber approach the counter in a similar way, hold the gun in similar ways, use the same phrases, and in several robberies, wear the same clothes." Aple's Br. at 18. Finally, even though the district court did not give the proffered instruction about eyewitness testimony, the more general instruction given by the court allowed the jury to properly evaluate the evidence. See Rec. doc. 46, inst. 6 (stating that the jurors should consider the witnesses' "opportunity to observe or acquire knowledge concerning the facts about which he or she testified").

### III. CONCLUSION

Accordingly, we AFFIRM Mr. Rushin's convictions.


Entered for the Court,


Robert H. Henry
United States Circuit Judge